10–4747-ag (L)
Berisha v. Holder

BIA
Vomacka, IJ
A099 938 817
A099 938 818

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand thirteen.

PRESENT:
      REENA RAGGI,
      GERARD E. LYNCH,
      CHRISTOPHER F. DRONEY,
        *Circuit Judges.*
_____

BURIM BERISHA, ARTE BERISHA,
      *Petitioners*,

      v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*
_____

10-4747-ag (L);
11-3020-ag (Con)
NAC

**FOR PETITIONERS:** Sokol Braha, Esq., New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; James A. Hurley, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioners Burim Berisha ("Berisha") and Arte Berisha,[1] both citizens of Kosovo, seek review of an October 25, 2010 decision of the BIA affirming the August 10, 2009 decision of Immigration Judge ("IJ") Alan Vomacka, denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Burim Berisha*, *Arte Berisha,* Nos. A099 938 817/818 (B.I.A. Oct. 25, 2010), *aff'g* Nos. A099 938 817/818 (Immig. Ct. N.Y.C. Aug. 10, 2009). Petitioners also seek review of a July 7, 2011 decision of the BIA denying reopening. *In re Burim Berisha*, *Arte Berisha* Nos. A099 938 817/818 (B.I.A. July 7, 2011).

---

[1] Because Arte Berisha's petition is derivative of her husband's application, our reason for denying Burum Berisha review necessarily extends to her as well.

We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

**I.    October 2010 Decision**

For asylum applications, like Berisha's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility finding on . . . the consistency between the applicant's or witness's written or oral statements, . . . the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record, . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66.

Substantial evidence supports the agency's adverse credibility finding as to Berisha.  The agency relied primarily on two inconsistencies in the record.  First,

3

Berisha stated in his asylum application that he found the windows of his car shattered, but but later testified that, in addition to the broken windows, the car had flat tires and scratches. Berisha sought to explain this inconsistency by stating that the word "destroyed," purportedly used in his asylum application, implicitly encompassed the flat tires. But the agency reasonably declined to credit this explanation, as the application did not in fact use the word "destroyed." *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Second, although Berisha testified that he received medical treatment for five days following his March 2006 assault, neither his asylum application nor his father's affidavit makes any reference to medical treatment. The agency was not required to credit Berisha's explanations, i.e., that he thought information concerning his treatment was covered by the medical report and that the oversight was the result of preparer's error, because the medical report was obtained in February 2008, well after the submission of the asylum application in May 2007. *See id.*

4

Having adversely assessed Berisha's credibility, the agency did not err by declining to credit Berisha's documentation of his membership in the Democratic League of Kosovo ("LDK") because the documents were not issued contemporaneously with his asserted membership in the LDK and were obtained for the purpose of his immigration hearing.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight afforded to the applicant's evidence in proceedings lies largely within the discretion of the IJ).

Given the noted inconsistencies, omissions, and lack of corroboration, the agency's adverse credibility determination is supported by substantial evidence and provided an adequate basis for denying asylum (including humanitarian asylum), withholding of removal, and CAT relief.  *See Xiu Xia Lin*, 534 F.3d at 165-66; *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

## II.  July 2011 Decision

We review the BIA's denial of a motion to reopen for abuse of discretion, remaining mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir. 2006) (internal quotation marks omitted).

In support of his motion to reopen, Berisha provided documentary evidence demonstrating that the LDK was no longer part of the ruling coalition government in Kosovo and argued that he had an increased fear of persecution because Kosovo was governed by the Democratic Party of Kosovo ("PDK"), whose members had previously harmed him.  The BIA did not abuse its discretion in declining to reopen in light of the underlying adverse credibility determination which was based in part on the questionable veracity of Berisha's LDK party membership documentation.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007) (concluding that the BIA did not abuse its discretion in denying a motion to reopen supported by what was alleged to be previously unavailable evidence regarding changed country conditions, because there had been a previous adverse credibility finding in the underlying asylum hearing).

For the foregoing reasons, the petitions for review are DENIED.  As we have completed our review, any stays of removal that the Court previously granted in these petitions are VACATED, and any pending motions for stays of removal in these petitions are DISMISSED as moot.  Any pending requests for oral argument in these petitions are DENIED in

6

accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk